UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                                                              Chapter 13

RICHARD G. CLEMENT and
MARLENE SHALLOW-CLEMENT,                               Case No. 1-09-41490-jf

                      Debtors.
-------------------------------------------------------X

STIPULATION AND ORDER AS TO JULY 22, 2008 MORTGAGE MADE AND EXECUTED BY DEBTORS IN FAVOR OF GUARANTEED HOME MORTGAGE CO., INC.

      It is hereby stipulated, acknowledged and agreed, by and between the undersigned, as counsel to the respective parties hereto, together with the Chapter 13 Trustee in this proceeding, that:

      1A.    The debtors, Richard G. Clement and Marlene Shallow-Clement (the "Debtors"), are the record title owners to the real property located at 216-68 114th Avenue, Cambria Heights, New York 11441 (the "Premises") by deed made, executed and delivered on September 15, 1999 by William Hancock, said deed having been recorded in the Office of the City Register of the City of New York, Queens County on November 15, 1999 in Reel 5423, Page 0875;

      1B.    On or about July 22, 2008, the Debtors made and executed a Consolidation, Extension and Modification Agreement with Guaranteed Home Mortgage Company, Inc. pursuant to which the debtors borrowed $30,028.45, such loan having been collateralized by a certain Gap Mortgage in the original principal balance of $30,028.45, and which said Gap Mortgage was consolidated with a prior September 14, 2006 mortgage in the original principal balance of $400,000 made and executed by the Debtors in favor of Mortgage Electronic Registration Systems, Inc., as nominee for New Century Mortgage Corporation, said mortgage having been recorded in the Office of the City Register of the City of New York on October 11,

2006 in CRFN 2006000569074, the aforementioned mortgages forming one lien and encumbrance in the sum of $422,488 (the "CEMA");

   1C. JP Morgan Chase Bank, N.A. ("Chase") is the holder of the CEMA and all rights arising out of the underlying promissory notes and mortgages in the combined original principal balance of $422,488 executed by the Debtors;

   1D. The CEMA has not yet been recorded in the Office of the City Register of the City of New York, Queens County by reason of the quality of the print on the original documents, and which said recording has been stayed by reason of the automatic stay imposed by this bankruptcy proceeding pursuant to 11 U.S.C. 362;

   1E. The August 12, 2008 Satisfaction of Mortgage issued by Mortgage Electronic Registration Systems, Inc., as Nominee for New Century Mortgage Corporation, was erroneously recorded in the Office of the City Register of the City of New York on August 19, 2008 in CRFN 2008000331930 which served to purportedly discharge the aforementioned September 14, 2006 $400,000 mortgage made and executed by the Debtors was, and is, an error inasmuch as the underlying obligation was not discharged, but instead assigned to Chase as set forth more particularly above;

   1F. The Debtors have raised certain issues concerning the CEMA and its related liability serving as a lien and encumbrance on the Premises and well as Chase's right and ability to record same in the Office of the City Register of the City of New York; and

   1G. The parties hereto wish to resolve and settle any and all claims which have been or could have been asserted and which refer or relate to the obligations set forth in the Gap Mortgage in the original principal balance of $30,028.45, the September 14, 2006 $400,000 mortgage, the validity of the CEMA and its related liability as a first lien and encumbrance on

the Premises as well as Chase's right to record same in the Office of the City Register of the City of New York.

2. The Debtors, represented by counsel and after having due deliberation and voluntarily and knowingly waived the right to litigate issues which may refer or relate to the CEMA, hereby ratify and affirm the terms and conditions set forth in the CEMA, acknowledge that Chase is a secured creditor in this proceeding, acknowledge the underlying debt to Chase in the original principal balance of $422,488 and further acknowledge Chase's rights in the Premises as the holder of a first lien and encumbrance in such original principal balance as set forth in the July 7, 2009 Proof of Claim filed in this proceeding.

3. The Trustee, after due deliberation and voluntarily and knowingly waiving the right to litigate issues which may refer or related to the CEMA, hereby acknowledges the validity of the terms and conditions set forth in the CEMA, acknowledge that Chase is a secured creditor in this proceeding, acknowledge the underlying debt to Chase in the original principal balance of $422,488 and further acknowledge Chase's rights in the Premises as the holder of a first lien and encumbrance in such original principal balance as set forth in the July 7, 2009 Proof of Claim filed in this proceeding.

4. The parties consent to the entry of an Order by this Court or any court of competent jurisdiction expunging the August 12, 2008 Satisfaction of Mortgage issued by Mortgage Electronic Registration Systems, Inc., as Nominee for New Century Mortgage Corporation, was erroneously recorded in the Office of the City Register of the City of New York on August 19, 2008 in CRFN 2008000331930.

5. In consideration of the foregoing, together with the Debtors' further covenant to assist in the recording of the CEMA and related documents as more particularly set forth herein, Chase shall cause to be paid to the Debtors or on their behalf the following:

(i) $31,000 payable to the Trustee on behalf of the Debtors' plan payments in this proceeding;

(ii) $11,500 payable to the Debtors representing approximately two (2) months of personal expenses as defined by them in this proceeding and to assist with the payment of said expenses; and

(iii) $9,000 to David B. Shaev representing attorney's fees incurred in the settlement of this previously contested issue and anticipated further effort necessary to properly conclude the issues set forth herein.

6. Within ten (10) days of the entry of this Stipulation and Order on the Court's docket in this proceeding, the aforementioned payments shall be tendered to David Shaev, Esq., as attorney, to be held in escrow and released only upon written confirmation that the duplicate original documents defined in paragraph 7 below have been received by Chase's counsel, which said confirmation shall be provided via email immediately upon receipt.

7. The payments to be made to or for the benefit of the Debtors shall not be treated as income to them by Chase and no Form 1099 shall be issued by Chase to the Debtors.

8. Chase shall promptly provide and the Debtors will promptly and properly execute all required duplicate original loan documents presented by Chase to permit the proper recording of the CEMA and related transaction documents in the Office of the City Register of the City of New York, Queens County, to permit Chase to obtain a first lien and encumbrance on the

Premises in the original principal balance of $422,488 (inclusive of the execution of any document reasonably required to expunge the August 12, 2008 Satisfaction of Mortgage).

9. The Debtors shall have no liability for any costs or fees (other than their own attorney's fees) associated or attributable to the recording of the CEMA in the Office of the City Register of the City of New York including, but not limited to, mortgage recording taxes or filing fees.

10. Upon the consent of the Debtors and the Trustee the automatic stay imposed by 11 U.S.C. 362 is hereby lifted, modified and vacated to permit the actions contemplated hereunder and to effectuate its terms.

11. Neither the Debtors nor the Trustee shall take any steps or make any claims contesting or challenging the validity of the Debtors' liability or obligations under the terms of the CEMA and specifically waive any right to do same whether under the laws of the State of New York or the Bankruptcy Code.

12. Nothing herein shall release or relieve the parties hereto of their respective obligations under the CEMA.

13. Except as provided herein, no party hereto shall be entitled to seek or collect any attorney's fees, costs or sanctions from any other party hereto.

14. The Trustee and the Debtors together with their respective predecessors, successors, heirs, executors, administrators and assigns and their respective employees, directors, officers and attorneys, hereby mutually release Chase from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law or equity, known or unknown which any

releasing party or its predecessors, successors, heirs, executors, administrators and assigns, ever had, now has or hereafter can, shall or may have from any time prior to ~~the beginning of the world to~~ the date of this Stipulation for, upon, or by reason of Chase's role in servicing or administrating the GAP Mortgage or CEMA.

15. This Stipulation and Order shall be governed by and construed in accordance with the laws of the State of New York.

16. The parties hereto acknowledge and agree that no party hereto is a minor or incompetent, that all parties have been represented by counsel and that all parties have entered into this Stipulation and Order freely of their own volition without coercion or duress.

17. This Stipulation and Order shall be deemed to have been drafted by the parties hereto and any ambiguities shall not be construed in favor or against any one party.

18. All prior discussions and agreements of the parties are merged herein and this Stipulation and Order represents the fully merged agreement of the parties.

19. This Stipulation shall be presented to the Court to be So Ordered and thereafter constitute and Order of this Court.

20.     Chase may record this Stipulation and Order in the Office of the City Register of the City of New York, Queens County.

Dated:  White Plains, New York
        January 28, 2010


/s/:  Marianne DeRosa  
Marianne DeRosa  
Standing Chapter 13 Trustee  
100 Jericho Quadrangle, Suite 208  
Jericho, New York 11753  
(516) 622-1340  
derosa@ch13mdr.com

/s/: David Shaev  
David B Shaev, Esq.  
Attorney for Richard Clement  
350 Fifth Avenue, Suite 7210  
New York, New York 10118  
(212) 239-3800  
dshaev@onsiteaccess.com


/s/: Richard Clement  
Richard Clement

/s/: Marlene Shallow-Clement  
Marlene Shallow-Clement

/s/: Evan Wiederkehr  
Evan Wiederkehr  
Attorney for JP Morgan Chase Bank, N.A.,  
One North Lexington Avenue  
White Plains, New York  10601  
(914)  681-0200  
ew@ddw-law.com


SO ORDERED

Dated:  Brooklyn, New York
        February 5, 2010


s/Jerome Feller  
Hon. Jerome Feller  
United States Bankruptcy Judge